**In the Matter of Thomas F. GIBSON, Jr.**

No. 982S331.

Supreme Court of Indiana.

Nov. 21, 1983.

Nelson G. Grills, Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, Indianapolis, for the Ind. Supreme Court Disciplinary Com'n.

## PER CURIAM.

The Disciplinary Commission of the Indiana Supreme Court and the Respondent, Thomas F. Gibson, Jr., have entered into and submitted to this Court a Statement of Circumstances and a Conditional Agreement for Discipline.

We have examined the agreement and find, in accordance therewith, that Thomas F. Gibson, Jr., is a member of the Bar of the State of Indiana and maintains an office for the practice of law in Indianapolis, Indiana. He was retained by Mary Stevens to represent her interests in the *Estate of Donald Sublett* in the Marion Superior Court, Probate Division. Stevens alleged an interest in the decedent's 1979 Lincoln Continental automobile by reason of her paying a number of the monthly payments. Stevens delivered the car to the Respondent and permitted him to drive it for his personal use.

On or about June 9, 1981, and June 23, 1981, Sally Ann Sublett, an administratrix of the Estate of Donald Sublett, by counsel, demanded from the Respondent that he return the automobile, but the Respondent refused to do so. Sally Ann Sublett, by counsel, filed a Petition for Intermeddling against Stevens. After a hearing thereon, the Court determined that the automobile was an estate asset and ordered Stevens to deliver it to the administratrix. The Respondent delivered the automobile on July 27, 1981. On the same date, the Respondent filed a claim in the Estate of Donald Sublett concerning the automobile. On March 24, 1982, the Respondent filed a Motion to Dismiss the claim for the reason that the information requested in the administratrix's interrogatories was not available. The motion was granted and the claim was dismissed.

In accordance with the agreement of the parties, we conclude that by the foregoing conduct the Respondent filed a claim and asserted a position when it was obvious that such action would serve mainly to harass or maliciously injure another in violation of Disciplinary Rule 7–102(A)(1). Said conduct is further violative of Disciplinary Rules 7–102(A)(7) and (8) and 1–102(A)(4), (5) and (6) of the *Code of Professional Responsibility for Attorneys at Law.*

By his conduct, as set out above, the Respondent overstepped the bounds of legitimate zealous representation and used the judicial process for the purpose of harassing the opposing party. Such conduct hinders and frustrates the orderly administration of justice and reflects adversely on Respondent's professional ethics.

Accepting the agreement of the parties, this Court hereby reprimands and admonishes the Respondent, Thomas F. Gibson, Jr., for the misconduct found in this case.

Costs of this proceeding are assessed against the Respondent.